MONCURE), P-,
delivered the opinion of the court.
The defendants in error, with several others, were indicted in the County court of Middlesex county, on the 24th day of December 1874, for unlawfully taking and catching oysters with dredges and scrapes, in the waters within the jurisdiction of this commonwealth, and in the county aforesaid; the said defendants being then and there non-residents of the state of Virginia. The indictment was founded on section 22 of-chapter 333 of the Acts of Assembly 1872-73, page 316. It contained three counts, the last of which charged the defendants with unlawfully using and employing the schooner belonging to and the property of one of the defendants, Michael Diviney, and hailing from the city of Baltimore, in the state of Maryland, for the ^purpose of taking and catching oysters, and with taking and catching oysters on board of said schooner, with dredges and scrapes, in the waters and within the jurisdiction aforesaid. On the same day on which the indictment was found, the defendants pleaded not guilty; to which the attorney for the commonwealth replied generally. And then the defendants moved the court to permit them to sever in their defence; which motion, being considered, was overruled by the court. And thereupon the issue joined was tried by a jury, who found the defendants, Charles Lewis and Michael Diviney (being the defendants in error), guilty, and assessed each of them with a fine of two hundred dollars ; and found the other defendants not guilty. The defendants moved the court for an arrest of judgment, which motion was overruled. The court then rendered judgment against the defendants in error for the said fines and the costs of the prosecution ; and also made an order that unless the said fines and costs should be forthwith paid, the sheriff of the county should sell the said vessel and all her tackle (which, it appeared, the inspector had seized and then held), for the satisfaction of the said judgment. Then the defendants in error moved the court to set aside the verdict and judgment, and grant them a new trial; which motion was also overruled. No exception was taken to any action or ruling of the court in the case.
On the 4th day of Rebruarj’’ 1874, upon the petition of the defendants in error, a writ of error to operate as a supersedeas to the said judgment of the County court, was awarded by the judge of the Circuit court of said county. And afterwards, to wit: on the 19th day of March 1874, the cause being heard in the said Circuit court, it seemed to that court that the County court erred in refusing to allow the defendants to sever *in their defense, and to have a separate trial; and therefore the Circuit court reversed and annulled the said judgment of the County court, and set aside the verdict, and ordered the cause to be retained in the said Circuit court for a new trial to be had therein. To the said judgment of the Circuit court, the commonwealth applied ¿to this court for a writ of error; which was accordingly awarded.
There can certainly, now, be no doubt that the judgment of the Circuit court is such a final judgment as that a writ of error will lie thereto; though the cause was ordered to be retained in said court for a new trial to be had therein, which order was interlocutory in its nature. Nothing was ever done under that order; and very soon after the judgment of the Circuit court was rendered, the commonwealth applied for and obtained a writ of error thereto. The judgment of the County court was in all respects final, and the finality of that judgment is imparted to the judgment of the Circuit court, and makes it final for the purpose of having it reviewed and reversed by this court. This subject has been twice recently before this court, and on both occasions it was declared that such a judgment of the Circuit court is final, and a writ of error will lie thereto from this court. Brumbaugh v. Wissler’s ex’or, supra, 463; and Crawford v. The Valley Railroad Co., Id. 467.
This court, then, having jurisdiction of the case, the question now arises, whether there is any error in the judgment of the Circuit court?
The defendants in error did not appear by counsel in this court, and though they appeared by counsel both in the County and Circuit courts, yet the record does not disclose the grounds of their defense to the *625 prosecution. The Circuit court seems to have awarded i;'a wri t of error to the judgment of the County court without any petition or other assignment of errors; at least none appears in the record. The Circuit court places its reversal of the judgment of the County court upon a single ground of error, to wit: the refusal of the County court to allow the defendants to sever in their defense and to have a separate trial; and as no other ground of error is noticed by the Circuit court, the presumption is that none other was relied on in that court.
In regard to that ground of error this court can have no difficulty. Even on a joint indictment against two or more for felony, the defendants were not entitled, as matter of right at common law, to have a several trial, but the court, or officer prosecuting for the crown or the commonwealth, might at its or his election, have a joint or several trial in such a case; though such election was always exercised with due regard and tenderness to the accused. 3 Rob. Pr., old ed., 150-152, and the cases there cited. In The United States v. Marchant, 12 Wheat. R. 480, this question was fully considered, all the authorities bearing upon it were reviewed, and the practice was settled by1 the Supreme court in an opinion delivered by Mr. Justice Story. The common law on this subject, however, has been changed in this state in cases of felony; in consequence, no doubt, of the difficulties arising from the exercise of the right of peremptory challenge on joint trials in such cases. So that now, by statute, persons indicted jointly for felony, may elect to be tried jointly or severally, on certain terms prescribed by the statute. Code, ch. 202, 13, 14 and 15. But this statutory right of election given to the accused is subject to the right of the commonwealth, which still exists, to try the accused severally, notwithstanding *they may elect to be tried jointly. Curran’s case, 7 Gratt. 619, 627. But never, in a case of misdemeanor, have persons, jointly indicted, been entitled as matter of right, to be tried severally; the common law on that subject having never been changed by statute. If it can properly be said that the court has a discretion to •order a joint or several trial in such a case, and that it ought to exercise such discretion soundly; certainly it devolves on the accused to show that it was not exercised soundly in refusing to allow them to have a separate trial; and as, in this case, no exception was taken to the action of the court in that respect, we must presume that the discretion of the court was soundly exercised. We do not mean, however, to decide in this case, because it is unnecessary for the purposes of the case to decide the question, that the action of the court in this respect is proper ground of exception or complaint on the part of the accused.
We are therefore of opinion that there is no error in the judgment of the County court on the only ground on which it was reversed by the Circuit court; and seeing-no error in that judgment, we are of opinion that the Circuit court erred in reversing it.
Therefore the judgment of the Circuit court is reversed and annulled and that of the County court affirmed.
Judgment of the Circuit court reversed.